11-516-cv
Feliciano v. 131st Block Ass'n Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> JED S. RAKOFF,
> > *District Judge.*[1]

_____

Maling Feliciano,

> *Plaintiff-Appellant,*

> v.                                        11-516-cv

131st Block Association Inc., Jimmy Stallings,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:      Maling Feliciano, *pro se*, Bronx, NY.

FOR DEFENDANTS-APPELLEES:      No appearance.

_____

[1]The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1

Appeal from the judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Maling Feliciano ("Appellant"), *pro se*, appeals from an award of summary judgment in favor of the Defendants-Appellees ("Appellees") in her employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the New York State and New York City Human Rights Laws, N.Y. Exec. Law § 290 *et seq.*; N.Y.C. Admin. Code § 8-101 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The gravamen of Appellant's case is that she was placed on probation in 2007 and terminated in 2008, allegedly as a result of her employer's race- and age-based animus. However, as the district court properly concluded, the undisputed evidence (in the form of the employer's payroll records) shows that Appellant's employer never "ha[d] fifteen or more employees for each working day in each of twenty or more calendar weeks in" these years or in the "preceding calendar year," as required for Title VII to apply to the employer's conduct.[2] 42 U.S.C. § 2000e(b). This fact also precludes application of the ADEA, which only applies to employers "who ha[ve] twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b).

Appellant's complaint also contains conclusory allegations concerning instances when she was verbally abused, assigned duties that were not within her job description, and prohibited from speaking Spanish. To the extent these instances occurred in 2007

---

[2] Our conclusion is unaltered by the reproductions of cash vouchers which Appellant has attached to her brief to this Court. Even assuming *arguendo* that these materials are properly before us for consideration, we note that they only suggest that persons not on the employer's payroll were from time to time hired to perform repair work or other occasional services. They do not suggest that these persons were employed by the employer "each working day in each of twenty or more calendar weeks in" any relevant year. 29 U.S.C. § 630(b); 42 U.S.C. § 2000e(b).

or 2008, they cannot serve to impose liability under Title VII or the ADEA for the reasons discussed above. Appellant does not in her brief challenge the district court's conclusion that, insofar as her claims may be based on conduct prior to these years, they are time-barred. *See* 42 U.S.C. § 2000e-5(e)(1) (requiring filing of charge with Equal Employment Opportunity Commission within 300 days of allegedly unlawful employment practice); 29 U.S.C. § 626(d)(1) (same). Accordingly, she has waived any such challenge on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Finally, we note that there is nothing in the record or Appellant's brief to suggest that the district court abused its discretion in declining to exercise supplemental jurisdiction over Appellant's state and local law claims. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

4